AO 245B (Rev 12/10) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Daniel Cano-Robles** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **2:11CR02285-001JB**<br>USM Number: **62256-051**<br>Defense Attorney: **Christin Kennedy, Appointed** |

THE DEFENDANT:

☒  pleaded guilty to count(s) **Indictment**
☐  pleaded nolo contendere to count(s)  which was accepted by the court.
☐  after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 8 U.S.C. Sec. 1326(a)/(b) | Re-entry of a Removed Alien | 05/10/2011 | |

The defendant is sentenced as provided in pages 2 through **4** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count .
☐  Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**December 9, 2011**
_____
Date of Imposition of Judgment

**/s/ James O. Browning**
_____
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
_____
Name and Title of Judge

**April 19, 2012**
_____
Date Signed

Defendant: **Daniel Cano-Robles**
Case Number: **2:11CR02285-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **30 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

**Pursuant to Section 5D1.1(c), the Court will not impose a term of supervised release.**

**On September 16, 2011, Defendant Daniel Cano-Robles pled guilty to the Indictment, filed August 23, 2011 (Doc. 14), charging a violation of 8 U.S.C. § 1326(a) and (b), that being Re-Entry of a Removed Alien. See Non-Standard Fast Track Plea Agreement ¶ 3, at 2, filed September 16, 2011 (Doc. 21)("Plea Agreement"). Cano-Robles waived his right to appeal his conviction and any sentence within the advisory guideline range. See Plea Agreement ¶ 12, at 5-6. Plaintiff United States of America agreed that Cano-Robles is entitled to a reduction of 1 offense level pursuant to U.S.S.G. § 5K3.1 for his waiver of his appellate rights. See Plea Agreement ¶ 6(b), at 2.**

**On October 19, 2011, the United States Probation Office ("USPO") disclosed the PSR on Cano-Robles. The USPO calculates that Cano-Robles has a base offense level of 8, pursuant to U.S.S.G. § 2L1.2(a). See PSR ¶ 11, at 4. The USPO applies a 16-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on Cano-Robles` 1992 burglary conviction being a crime of violence. See PSR ¶ 12, at 4-5. It also applies a 3-level reduction, pursuant to U.S.S.G. § 3E1.1, for acceptance of responsibility. See PSR ¶ 17, at 6. The PSR applies a further 1-level reduction pursuant to the Plea Agreement. See PSR ¶ 19, at 6. Accordingly, the USPO calculates that Cano-Robles` total offense level is 20. See PSR ¶ 19, at 6. The USPO also calculates that Cano-Robles has a criminal history category of III, based on 4 criminal history points. See PSR ¶ 23, at 8. A total offense level of 20 and a criminal history category of III, establishes a guideline imprisonment range of 41 to 51 months. See PSR ¶ 45, at 12.**

**Cano-Robles moves the Court for a 15-month sentence. Plaintiff United States of America asked that the Court sentence Cano-Robles within the guideline imprisonment range of 41 to 51 months. At the sentencing hearing on December 9, 2011, the parties agreed to the Court reducing Cano-Robles` offense level 3 levels pursuant to U.S.S.G. § 3E1.1. The Court has reviewed the PSR`s factual findings, and, there not being any objections to those findings, the Court adopts them as its own. The Court has also reviewed the PSR`s guidelines calculation, and having overruled the objection to the 16-level enhancement, the Court adopts those calculations as its own as well. The Court has considered the factors set forth in 18 U.S.C. § 3553(a).**

**Before any downward departure, the offense level is 21 and the criminal history category is III, establishing a guideline imprisonment range of 46 to 57 months. Pursuant to rule 11(c)(1)(C) and U.S.S.G. § 5K3.1, the Court accepts the Plea Agreement, which stipulates to an offense level of 20, as the Court is satisfied that the agreed-on offense departs for justifiable reasons. The Plea Agreement is pursuant to a non-standard fast track plea agreement. In section 401(m)(2)(b) of the PROTECT Act of 2003, Pub. L. No. 109-21, § 401(m)(2)(B), 117 Stat. 650, 675, Congress approved of early disposition or fast track programs if certain conditions are met. The Court believes that these conditions are met in this case and that this departure is in the lower part of the range of departures that Congress allowed. The Court accepts the Plea Agreement, and the Court`s sentence will be consistent with it. An offense level of 20 and a criminal history category of III establishes a guideline imprisonment range of 41 to 51 months.**

**The Court notes that Cano-Robles illegally reentered the United States subsequent to a felony conviction for a crime of violence. The Court has, as the record will reflect, considered the guidelines, but in arriving at its sentence, has taken account not only the guidelines, but other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After carefully considering Cano-Robles` circumstances, the Court concludes that the punishment set forth in the guidelines is not appropriate for this offense. The Court then considered the kinds of sentences and ranges established in the guidelines and concludes that some variance is appropriate. While the Court recognizes that, under the guidelines, Cano-Robles` prior conviction qualifies as a crime of violence, when determining whether it should grant a variance, the Court is free to consider the underlying facts of that offense. Accordingly, the Court notes that his prior conviction did not involve violence. Because the United States Sentencing Commission and courts generally recognize that burglary of a dwelling is a crime of violence, the Court does not believe it is appropriate to vary far, but finds that some adjustment is necessary. The Court will adjust the sentence the equivalent of three offense levels. This variance recognizes that the conduct underlying Cano-Robles` burglary conviction was non-violent and that he has dependents who count on him for support, but still give some weight to the Sentencing Commission`s determination that the crime of burglary of a**

**dwelling should be treated more seriously. An offense level of 17 and a criminal history category of III establish a guideline imprisonment range of 30 to 37 months. The Court believes that a sentence of 30-months imprisonment is still high, but worries that anything less will begin to undercut Congress` and the Commission`s intent and its determination that burglaries of a dwellings are serious offenses. The Court finds that a sentence of 30-months imprisonment reflects the seriousness of the offense, promotes respect for the law, provides a more just sentences, and provides adequate deterrence. The Court notes that Cano-Robles was young -- only seventeen years old -- when he committed the burglary offense and that this federal sentence is longer than the time he served in relation to that offense. Because this sentence is longer than any sentence Cano-Robles has previously served, the Court finds that it is sufficient to provide adequate specific and general deterrence. The Court believes that the seriousness of this sentence is sufficient to protect the public. While the Court is always concerned about introducing unwarranted sentencing disparities when it varies, the Court believes that the size of the variance and the specific circumstances justifying the adjustment avoids creating unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.**

**The Court finds that this sentence fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable, more reasonable than the applicable guidelines sentence and reflects accurately the factors in 18 U.S.C. § 3553(a). Finally, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Cano-Robles to 30-months imprisonment.**

☐    The court makes the following recommendations to the Bureau of Prisons:

☒    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at  on

    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on

    ☐    as notified by the United States Marshal

    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

_____ at _____ with a Certified copy of this judgment.

_____

UNITED STATES MARSHAL

By _____

DEPUTY UNITED STATES MARSHAL

AO 245B (Rev.12/10) Sheet 5, Part A - Criminal Monetary Penalties                                                    Judgment - Page 4 of 4

Defendant: **Daniel Cano-Robles**
Case Number: **2:11CR02285-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐        The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | **$100.00** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A        ☒    In full immediately; or

B        ☐    $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).


**Special instructions regarding the payment of criminal monetary penalties:Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**


Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.